John H. Walker v. Commissioner.
John H. Walker v. Commissioner
Docket No. 39522.
United States Tax Court
1953 Tax Ct. Memo LEXIS 109; 12 T.C.M. (CCH) 1097; T.C.M. (RIA) 53392; September 22, 1953
*109 Max H. Glover, Esq., for the petitioner. Mark Townsend, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1948 in the amount of $635.69, and penalties under section 294 (d) (1) (A), I.R.C., for failure to file declaration in the amount of $63.57, and under section 294 (d) (2) for substantial underestimate of estimated tax in the amount of $38.14. The issues are: (1) Did petitioner understate his income on his 1948 return by the amount of $4,387.31? (2) Was the failure to file a declaration of estimated tax for 1948 due to reasonable cause and not to willful neglect? (3) Is petitioner liable for the penalty for substantial underestimate of estimated tax for 1948? Findings of Fact Petitioner, a resident of Webb City, Missouri, filed his 1948 income tax return with the collector of internal revenue for the sixth district of Missouri. He filed his return on a cash basis. The stipulation of facts is adopted by this reference. Petitioner and his wife were married in 1925. From the earliest days of their marriage they lived *110 very frugally, and always saved a portion of their earnings. In 1932 petitioner purchased an old five-room house with enough surrounding land for a garden and for a few years thereafter he raised hogs, chickens, and some of his own vegetables. He bought a second house for $1,200 or $1,400 in 1941. From the last part of 1940 until 1945 petitioner worked for the Atlas Powder Company. His pay ranged from an initial hourly scale of seventy-five or eighty cents to a monthly salary in 1945 of $375. During 1946 and 1947 petitioner was not regularly employed. However, sometime in 1947 he sold his personal automobile, and thereafter began buying cars for resale. The operation of his automobile business was quite simple. He would go to some eastern city such as Harrisburg or York, Pennsylvania, and at an auction he would buy two cars. By hooking them together he could drive one and tow the other. In this manner he would bring them back to Webb City for resale. He bought and sold 28 cars in 1948. From these sales petitioner reported gross receipts of $66,330 and business expenditures of $64,752.14, with a net income of $1,577.86. Petitioner purchased his first cars with the money he and his *111 wife had saved during the earlier years. The parties agree that the petitioner and his wife, jointly or severally, redeemed United States Savings Bonds prior to 1948 in the amount of $1,352.66. The cash received from these bonds represented part of petitioner's savings. Because petitioner did not trust banks he saved his money in a coffee can and stored the coffee can in a closet with other canned goods. In the 22-year period prior to 1948 petitioner and his wife had saved approximately $6,000. The computation used by respondent to determine the deficiency was as follows: Bank deposits
$57,485.00
Cash for living expenses (esti-
mated)
2,000.00
Cash paid out
11,232.31
Gross receipts
$70,717.31
Business expenditures -
per return
$64,752.14
Withdrawals from bank
account
53,519.83
Cash paid out
$11,232.31
Expenditures allowed -
per return: Purchases
$62,914.00
Cost of transportation
and sales
1,838.41
64,752.14
Net income - per audit
$ 5,965.17
Reported on form 1040
1,577.86
Additional income
$ 4,387.31
Petitioner failed to file a declaration of estimated tax for the year 1948. Opinion The first issue in this case *112 is factual; we must determine whether or not petitioner and his wife, over a period of 22 years, accumulated a sum of money which was used in 1948 to start petitioner in the automobile business. Our findings that petitioner and his wife did save approximately $6,000 and used it to start the business is determinative of this issue. However, for the record the contentions of the parties should be presented. Respondent contends that the alleged additional income of $4,387.31 constitutes unreported income from petitioner's business. Opposing this, petitioner contends that this sum does not constitute additional income, but rather represents cash saved which he had accumulated over the years. Petitioner further contends that he invested his savings in 1948 in his automobile business. As respondent points out, petitioner has the burden of proving that respondent's determination is in error. We believe that this burden has been met. The testimony of petitioner, his wife, and that of a friend who was a disinterested witness, convinces us that the petitioner did save and accumulate approximately $6,000 before 1948, and that he did use this cash in his business. The penalties that have *113 been determined by respondent under sections 294 (d) (1) (A) and 294 (d) (2) are dependent upon the additional tax liability as determined in the deficiency notice. Since we have not sustained respondent's determination of this additional tax liability, there can not be a penalty under either one of these two sections. Decisions will be entered for petitioner.